The **STATE BAR OF TEXAS,**
Petitioner,

v.

**Robert L. EVANS, Jr., Respondent.**

No. C–8642.

Supreme Court of Texas.

June 28, 1989.

Rehearing Denied Sept. 13, 1989.

Steven D. Peterson, Linda A. Acevedo, Austin, for petitioner.

Robert L. Evans, Jr., Midland, for respondent.

PER CURIAM.

This is a disciplinary proceeding against an attorney. The trial court found that Evans violated the Code of Professional Responsibility and disbarred him. The court of appeals reversed the judgment of the trial court and remanded the cause for a new trial. 768 S.W.2d 326. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Evans represented Fred M. Newman and others in a lawsuit brought by Bill Humphris, with whom Newman was jointly operating a water disposal well. After the case was tried, the trial court notified Evans that it intended to rule that Newman and Humphris' ground lease on the tract used for the disposal well had expired. Evans then entered into a lease on behalf of himself with the lessors, Robert and Mary Snodgrass.

Evans filed suit against Humphris on behalf of the Snodgrasses to enjoin Humpris from interferring with the new lessee, who was Evans himself. Upon discovering that Evans had leased the property for himself, Newman discharged Evans from the original suit, but Evans nevertheless continued to represent Newman. While still representing Newman in the original suit, Evans filed a cross-claim against Newman in the second suit, seeking a declaratory judgment that Evans was the lessee of the Snodgrass tract.

■ The State Bar brought this disciplinary action against Evans. The jury found that Evans violated various provisions of the Code of Professional Responsibility, and the trial court rendered judgment

against Evans on seventeen violations. The court assessed punishment at disbarment for four violations, assessed varying suspensions for twelve violations, and assessed a public reprimand for the remaining violation. Evans appealed, and the court of appeals reversed the judgment of the trial court, sustaining two points of error regarding the admission of certain evidence.[1]

■ The State Bar argues that the court of appeals erred in concluding that the following was inadmissible:

By Mr. Gladney [Attorney for the State Bar]:

Q. Ms. Brownson, I had asked you last night, I believe, if you did not know that it was customary in Mr. Evans' office for Mr. Evans to charge more hours for work than he actually performed. And could you give me that answer?

By Ms. Brownson [Evans' secretary and bookkeeper]:

A: Yes, sir, that was customary.[2]

The State Bar contends that this statement is admissible as rebuttal to statements elicited by Evans from Ms. Brownson on direct examination. Ms. Brownson had testified that: Mr. Newman had stated Evans had too much integrity to be a lawyer; she had no reason to question Mr. Newman's assessment of Evans' honesty; she did not know of anything Evans had done to be unfair to or cheat Mr. Newman or other clients; and Evans was honest and upright in his dealings with people. The court of appeals rejected the State Bar's argument that Evans "opened the door" to the rebuttal character testimony it offered.[3]

1. At several points in its opinion the court of appeals states that disciplinary actions are "quasi-criminal in nature." Clear Texas authority is that disciplinary proceedings are civil in nature. *E.g., Hankamer v. Templin,* 143 Tex. 572, 575, 187 S.W.2d 549, 550 (Tex.1945); *State Bar v. Sutherland,* 766 S.W.2d 340, 343 (Tex.App.—El Paso 1989, writ denied) (opinion by same court of appeals handed down two weeks prior stating that disciplinary actions are civil in nature); *see also Polk v. State Bar,* 480 F.2d 998, 1001–02 (5th Cir.1973) (applying Texas law); Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 16 (1988) ("Disciplinary actions are civil in nature."). Thus, we disapprove these statements by the court of appeals.

2. The court of appeals quoted a similar colloquy, 768 S.W.2d at 329, but that question and answer was made out of the presence of the jury.

3. The court of appeals relied on several bases for its conclusion that this testimony offered by the State Bar was inadmissible. *See infra* note 5. In its motion for rehearing the State Bar cited additional evidence to refute one basis on which the court of appeals ruled the evidence was inadmissible. The court of appeals responded as follows:

Tex.R.App.P. 74(f)(1) requires the facts that are pertinent to a point of error are to be

The court of appeals concluded that the testimony concerning Evans' overbilling of clients was not admissible as rebuttal character testimony under rule 404(a)(1) of the Texas Rules of Civil Evidence. Rule 404(a)(1) states that evidence of a pertinent trait of character is admissible when offered by a person accused of conduct involving moral turpitude to show that he acted in conformity therewith, or when offered by the accusing party to rebut the same. The court of appeals concluded that rule 404(a)(1) did not apply in this case.

Under rule 404(a)(1) the issue is whether the evidence is that of a pertinent trait of character being offered by a party accused of conduct involving moral turpitude. In this case the State Bar alleged that Evans violated DR 1–102(A)(3) of the Texas Code of Professional Responsibility, which states: "A lawyer shall not engage in conduct involving moral turpitude." Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 9 (Code of Professional Responsibility) DR 1–102(A)(3)

(1988).[4]  Thus, Evans is clearly a party accused of conduct involving moral turpitude.

 Since Evans was accused of conduct involving moral turpitude, he was allowed to offer evidence of a pertinent trait of his character, which he did; the State Bar was then allowed to offer rebuttal testimony, which it did. Tex.R.Civ.Evid. 404(a)(1); *see* Blakely, *Article IV: Relevancy and its Limits*, 20 Hous.L.Rev. 151, 194 (1983 Tex.R.Evid. Handbook) ("Once the accused party has put his character in issue by introducing reputation or opinion testimony of character witnesses, the opposing party may then cross-examine these character witnesses."); *see also* Tex.R.Civ. Evid. 405(a) (methods of proving character). Thus, the court of appeals' ruling that this testimony was not admissible is in conflict with rule 404(a)(1).[5]  Since the court of appeals correctly concluded that any alleged error under Evans' first point of error[6]  was harmless, there is no error in this

stated, with reference to the pages in the record where the same may be found in an appellate brief. Failure to do this constitutes waiver of their consideration. *Inpetco, Inc. v. Texas American Bank/Houston N.A.*, 722 S.W.2d 721 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

768 S.W.2d at 330. The court of appeals' reliance on *Inpetco* is misplaced. The court of appeals failed to recognize that while this court did refuse the application for writ of error, no reversible error, this court issued a per curiam opinion in *Inpetco* that specifically disapproved that portion of the lower court opinion on which the court of appeals in this case relies. *Inpetco, Inc. v. Texas Am. Bank/Houston N.A.*, 729 S.W.2d 300, 300 (Tex.1987) (per curiam).

4. Under the new Texas Disciplinary Rules of Professional Conduct the phrase "moral turpitude" has been removed. *See* Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 9 (Disciplinary Rules of Professional Conduct) Rule 8.04(a)(2) (1989) (effective Jan. 1, 1990); *see also* Model Rules of Professional Conduct Rule 8.4 comment para. 1 (1983).

5. The court of appeals also found three additional reasons why this rebuttal evidence was not admissible. None of the arguments were raised by Evans at trial or on appeal, and the court of appeals thus erred in raising these arguments sua sponte and basing its reversal on these grounds. Further, even where the trial court errs in sustaining a specific untenable

objection, an appellate court should uphold the ruling if there is any other ground for doing so, even though not urged below. *See McCormick on Evidence* § 52, at 131 (law. ed. 3d ed. 1984). In this case the court of appeals has done the exact opposite, *i.e.*, overturn the trial court ruling if there is any ground on which the evidence is not admissible, even though not urged below.

6. The State Bar also argues that the court of appeals erred in sustaining Evans' first point of error because Evans failed to preserve error by requesting the court to instruct the jury to disregard an allegedly inadmissible statement. After the attorney for the State Bar stated that the grievance committee had found that Evans had committed acts of professional misconduct, Evans made an objection, which the trial court sustained. Evans then made a motion for a mistrial, which the trial court overruled. Failure to request the court to instruct the jury to disregard the inadmissible testimony results in waiver of the alleged error where the instruction would have cured the error. *See, e.g., Houston Lighting & Power Co. v. Reed*, 365 S.W.2d 26, 31–32 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.). Since in this cause an instruction for the jury to disregard the statement would have cured the alleged error, Evans has failed to preserve error.

Further, the State Bar presented this argument both on original submission and on rehearing in the court of appeals, but the court failed to address it. Rule 90(a) of the Texas

cause that amounts to such a denial of Evans' rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R. App.P. 184(b).

Accordingly, we grant the application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and affirms the judgment of the trial court. Tex.R.App.P. 133(b).

Rules of Appellate Procedure states that the courts of appeals shall address every issue raised and necessary to the final disposition of the appeal. This provision of rule 90(a) is mandatory, and the courts of appeals are not at liberty to disregard it. *Lone Star Gas Co. v. Railroad Comm'n,* 767 S.W.2d 709, 710 (Tex. 1989) (per curiam). Thus, the court of appeals erred in failing to address the State Bar's argument.