TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00024-CV






Central Texas Nudists; Robert A. Morton, Jr.; and Christine A. Morton, Individually


and as next friend of Robert A. Morton, III, Rebecca E. Morton, and


Charles G. Morton, Minor Children, Appellants



v.



County of Travis and Lower Colorado River Authority, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 95-11383, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING







 The question presented is whether county park rules that ban children's access to
a clothing-optional park violate the United States and Texas Constitutions. See U.S. Const.
amend. I, XIV; Tex. Const. art. I, §§ 3, 8, 19, 27. Central Texas Nudists, Robert A. Morton,
Jr., and Christine A. Morton, individually and as next friend of Robert A. Morton, III, Rebecca
E. Morton, and Charles G. Morton, minor children (collectively, "appellants") filed suit against
Travis County and the Lower Colorado River Authority, seeking a declaratory judgment and
permanent injunctive relief. This appeal arises from a judgment denying appellants' motion for
summary judgment and granting the motions for summary judgment of Travis County and the
Lower Colorado River Authority. We affirm the district court's judgment. 


FACTS


 McGregor Park(1) is a public park owned by the Lower Colorado River Authority
and situated on Lake Travis in Travis County. The county has managed McGregor Park since the
1980s when it leased the park from the Lower Colorado River Authority. In 1995, Travis County
promulgated two park rules for McGregor Park, which were adopted by the Commissioners Court
of Travis County. Recognizing that nude sunbathing occurs in the park, the Commissioners (1)
restricted access to the park to persons over the age of eighteen and (2) directed:


Any authorization or consent to the nude display of children and the nude display
of adults with children present under the age of eighteen in this park will be treated
as a violation of the law and park rules. Violators and parties to such violations
will be investigated and prosecuted if possible.



Because appellants are "naturists" who believe that engaging in nude social activities with their
children instills values of body acceptance and other naturist values, they contend that these new
rules infringe on their constitutional rights of, inter alia, freedom of expression and privacy, by
prohibiting their children from accompanying them to the park.

 After considering each party's motion for summary judgment, the district court
granted the motions filed by Travis County and the Lower Colorado River Authority and denied
appellants' motion.

STANDARD OF REVIEW


 Because the propriety of a ruling on a motion for summary judgment and the
constitutionality of a rule raise questions of law, we review these matters de novo. Texas Med.
Liab. Trust v. Zurich Ins. Co., 945 S.W.2d 839, 842 (Tex. App.--Austin 1997, writ denied);
Armbrister v. Morales, 943 S.W.2d 202, 205 (Tex. App.--Austin 1997, no writ) (citing Barber
v. Colorado Indep. Sch. Dist., 901 S.W.2d 447, 450 (Tex. 1995)). The proper inquiry on appeal
is whether the defendant, in seeking summary judgment, fulfilled its initial burden of establishing
that no genuine issue of material fact exists and that judgment should be granted as a matter of
law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675-79 (Tex. 1979). 
Evidence is viewed in the light most favorable to the non-movant. Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). Similarly, all reasonable inferences are indulged and any
doubts resolved in favor of the non-movant. Id. at 549.

 When each party has filed a motion for summary judgment and the district court
has granted one motion while denying another, we review the summary judgment proof presented
by each party, determine all questions presented, and "render such judgment as the trial court
should have rendered." Commissioners Court v. Agan, 940 S.W.2d 77, 80 (Tex. 1997). "[W]hen
there are multiple grounds for summary judgment and the order does not specify the ground on
which the summary judgment was granted, the appealing party must negate all grounds on appeal." 
State Farm Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 381 (Tex. 1993); accord Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989). If the appellant fails to negate each ground on which
the judgment may have been rendered, we must uphold the summary judgment. See Carr, 776
S.W.2d at 569.

 In this case, each party filed a motion for summary judgment and the district court
granted appellees' motions. Because the trial court did not specify the grounds on which it
rendered judgment, we must affirm the judgment if any of the grounds advanced in the motions
are meritorious. 


DISCUSSION


 In their first issue, appellants challenge the constitutionality of the two Travis
County park rules, contending that they are facially invalid. See U.S. Const. amend. I, XIV; Tex.
Const. art. I, §§ 3, 8, 19, 27.(2) Constitutional claims must be examined by looking at the rights
of the class of people who are being excluded from a particular activity. City of Cleburne v.
Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Here, both rules exclude individuals under
eighteen years of age from entering McGregor Park.

 Appellants assert that the park rules violate naturist families' right to equal
protection under the United States Constitution. U.S. Const. amend. XIV. Appellants argue that
by prohibiting minor children from entering the park, even when accompanied by their parents,
the rules distinguish between classes of individuals on the basis of whether minor children
accompany them to McGregor Park.

 The Equal Protection Clause requires that all similarly situated persons be treated
alike. Id. Courts perform an equal protection inquiry "if the challenged government action
classifies or distinguishes between two or more relevant groups." Qutb v. Strauss, 11 F.3d 488,
492 (5th Cir. 1993). Because the rules treat two groups of individuals differently, we must subject
both rules to an equal protection inquiry.

 The first step of this inquiry requires us to determine what burden of justification
must be satisfied by looking at the interests affected. Zablocki v. Redhail, 434 U.S. 374, 383
(1978). When a law affects individuals in a suspect classification differently or implicates a
fundamental right, the law must be examined under a strict scrutiny analysis. Plyler v. Doe, 457
U.S. 202, 216-17 (1982); San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 40 (1973). 
Appellants do not argue that these rules treat persons in a suspect classification differently. For
the strict scrutiny test to apply here, we must conclude that these rules implicate a fundamental
right.

 Appellants first assert that the park rules interfere with their fundamental right to
direct the upbringing of their children. See Pierce v. Society of Sisters, 268 U.S. 510 (1925);
Meyer v. Nebraska, 262 U.S. 390 (1923). Appellants characterize the rights at issue as involving
an individual's personal choice in matters of family life. See Griswold v. Connecticut, 381 U.S.
479, 482-84 (1965). Appellants further contend that a parent's right to raise a child free of state
interference is within the constitutional protection of privacy secured by the Fourteenth
Amendment. See id. at 484.

 Appellants also direct our attention to the Supreme Court's recent opinion in Troxel
v. Granville, asserting that it supports their position. Troxel v. Granville, 530 U.S. 57, 120 S.
Ct. 2054 (2000). In Troxel, the Court considered a state statute that permitted any person,
including a grandparent, to petition for visitation rights at any time. Id. at 2057. The Court
affirmed the state supreme court's holdings that "'parents have a right to limit visitation of their
children with third persons'" and that "between parents and judges, 'the parents should be the ones
to choose whether to expose their children to certain people or ideas.'" Id. at 2059 (quoting In re
Smith, 969 P.2d 21, 31 (Wash. 1998), aff'd sub nom, Troxel v. Granville, 530 U.S. 57, 120 S.
Ct. 2054 (2000)). We read Troxel as affirming a parent's right to direct the upbringing of a child. 
Id. at 2059-60 ("[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental
right of parents to make decisions concerning care, custody, and control of their children.").

 But these parental rights are not absolute. See, e.g., Ingraham v. Wright, 430 U.S.
651 (1977) (no parental right to demand approval before corporal punishment is inflicted by public
school teachers and administrators); Planned Parenthood v. Danforth, 428 U.S. 52 (1976) (no
parental right to veto a minor's decision to terminate a pregnancy); Runyon v. McCrary, 427 U.S.
160 (1976) (no parental right to educate children in private segregated academies); Kite v.
Marshall, 661 F.2d 1027 (5th Cir. 1981) (no parental right to send children to summer athletic
camps). In Kite v. Marshall, the Fifth Circuit expressly acknowledged that "parental authority
falls short of being constitutionally absolute." Kite, 661 F.2d at 1029. The court further opined
that these cases exemplify circumstances in which "the Supreme Court refrained from clothing
parental judgment with a constitutional mantle." Id.

 While we agree with appellants' contentions that the Fourteenth Amendment
encompasses a general right to direct the upbringing of children, we do not agree that these park
rules impede that right. Neither rule prohibits appellants from raising their children according to
the naturist philosophy. Rather, the rules impose a restriction on where the practice of this
philosophy may occur by establishing an age restriction for admittance to McGregor Park that
applies to all families, whether naturist or not. Consequently, we reject appellants' arguments
based on the rights to privacy and to substantive due process. We now consider appellants'
arguments that the rules implicate a fundamental right under the First Amendment, namely, the
rights to freedom of association and of expression.

 Appellants claim that both park rules infringe upon their right to associate with their
children. Appellants also assert that "the associational rights of parents and children are among
those intimate relationships which are protected by the First Amendment."

 We recognize that appellants have a right to enter into and maintain certain intimate
human relationships. See, e.g., Roberts v. United States Jaycees, 468 U.S. 609, 617-18 (1984)
(discussing two distinct lines of cases recognizing a right to associate, one related to certain
intimate human relationships and another "for the purpose of engaging in those activities protected
by the First Amendment--speech, assembly, petition for the redress of grievances, and the exercise
of religion"); Zablocki, 434 U.S. at 383-86 (marriage); Smith v. Organization of Foster Families,
431 U.S. 816, 844 (1977) (the raising and education of children); Moore v. East Cleveland, 431
U.S. 494, 503-04 (1977) (cohabitation with one's relatives). However, we fail to see how either
park rule infringes on this right. The rules do not affect the ability of the Mortons or other
naturist parents to associate with their children, but regulate only where such associations may
occur. These rules are analogous to the ordinance in City of Dallas v. Stanglin which barred
minors from certain dance halls. City of Dallas v. Stanglin, 490 U.S. 19, 21 n.2 (1989).

 Appellants further assert that the park rules violate their right to expressive
association as recognized by the Supreme Court in Roberts v. United States Jaycees. Roberts, 468
U.S. at 617-18. In that case, the Court acknowledged a right to associate for the purpose of
engaging in those activities protected by the First Amendment. Id. The issue, then, is whether
the First Amendment encompasses appellants' activities at McGregor Park.

 Appellants argue that their conduct at McGregor Park constitutes an expressive
activity and that the park rules violate their right to freedom of expression by impeding their
ability to engage in this conduct as a family. Appellants characterize their nude recreational and
social activities at McGregor Park as instilling values in their children in a safe public setting. On
the record before us, we find that appellants' First Amendment right to expressive association does
not encompass their activities at the park.

 The Supreme Court has acknowledged that nudity itself is not expressive conduct
and is not constitutionally protected. Erznoznick v. City of Jacksonville, 422 U.S. 205, 211 n.7
(1975) ("Scenes of nudity in a movie, like pictures of nude persons in a book, must be considered
as a part of the whole work. In this respect, such nudity is distinguishable from the kind of public
nudity traditionally subject to indecent exposure statutes." (internal citations omitted)); Barnes v.
Glen Theatre, Inc., 501 U.S. 560, 581 (1991) (Souter, J., concurring) ("[Nudity per se] is a
condition, not an activity . . . .").

 Appellants maintain that their naturist conduct at McGregor Park is entitled to First
Amendment protection because it constitutes more than "mere nudity." At oral argument,
appellants directed our attention to the Supreme Court's recent opinion in Boy Scouts of America
v. Dale. Boy Scouts of Am. v. Dale, __ U.S. __ , 120 S. Ct. 2446, 2452 (2000). In Dale, the
Supreme Court reviewed a decision by the New Jersey Supreme Court, which held that the state's
public accommodations law required the Boy Scouts to admit Dale, an avowed homosexual, as an
adult member. Id. at 2449. The Court held that "applying New Jersey's public accommodations
law in this way violates the Boy Scouts' First Amendment right of expressive association." Id.

 Appellants sought to analogize their activities at McGregor Park to those engaged
in by the Boy Scouts. While appellants and the Boy Scouts may share a common goal to instill
values in children, the manner in which these values are transmitted is distinguishable. The Boy
Scouts, as an organization, seeks to transfer its values to its members by "having its adult leaders 
spend time with the youth members, instructing and engaging them in activities like camping,
archery, and fishing." Id. at 2452. In contrast, appellants seek to convey their values to their
children by engaging in swimming, sunbathing, and other forms of recreation in the nude at
McGregor Park. Of critical importance to appellants is not the activity itself, but rather, the
manner in which the activity is conducted--in the nude and in public. We therefore find that this
case is distinguishable from Boy Scouts of America v. Dale.

 The protected activity that appellants claim in this case is identical to the one
asserted in South Florida Free Beaches v. City of Miami. South Fla. Free Beaches v. City of
Miami, 734 F.2d 608, 608 (11th Cir. 1984). In that case, the plaintiffs argued that nude
sunbathing in a public area is the manner in which they advocate and communicate their
philosophy that the human body is wholesome and that nudity is not indecent to others. Id. at 609. 
The Eleventh Circuit rejected that argument and held that nude sunbathing is not protected
expression. Id. ("Stripped of constitutional protection, nude sunbathing is subject to legitimate
governmental proscriptions. Thus, we hold that the [F]irst [A]mendment does not clothe these
plaintiffs with a constitutional right to sunbathe in the nude."); accord Williams v. Kleppe, 539
F.2d 803, 806 n.9 (1st Cir. 1976) (sanctioning a ban on nude sunbathing by stating, "[N]o rights
of free speech can be said to have been involved here"). Likewise, in Hang On, Inc. v. City of
Arlington, the Fifth Circuit recognized, "'[N]udity is protected as speech only when combined with
some mode of expression which itself is entitled to [F]irst [A]mendment protection.'" Hang On,
Inc. v. City of Arlington, 65 F.3d 1248, 1254 (5th Cir. 1995) (quoting South Fla. Free Beaches,
734 F.2d at 610).

 Here, as in South Florida Free Beaches, appellants also seek to garner First
Amendment protection for their efforts to communicate their values that the human body is
wholesome and that nudity is not indecent to others. Because the facts of this case are
indistinguishable from South Florida Free Beaches, we reach the same conclusion. For the
reasons stated in South Florida Free Beaches and Hang On, we decline to hold that nude
sunbathing is protected expression. Accordingly, we reject appellants' First Amendment argument
based on the right to freedom of expression. In doing so, we also reject appellants' argument that
the park rules impinge on their right to expressive association. Consequently, we conclude that
the park rules do not implicate a fundamental right under the United States Constitution.

 Having concluded that the strict scrutiny test does not apply here, we must now
identify whether an intermediate scrutiny or rational basis analysis is appropriate. On its face, the
government action in this case distinguishes between individuals based solely on age. Age
distinctions are subject to the rational relationship test. Gregory v. Ashcroft, 501 U.S. 452, 470-71 (1991) (referencing Vance v. Bradley, 440 U.S. 93, 97 (1979); Massachusetts Bd. of Ret. v.
Murgia, 427 U.S. 307, 314 (1976)).

 An analysis under the rational relationship test is deferential to the government. 
Gregory, 501 U.S. at 470-71 ("In cases where a classification burdens neither a suspect group nor
a fundamental interest, 'courts are quite reluctant to overturn governmental action on the ground
that it denies equal protection of the laws.'" (citation omitted)); Kite, 661 F.2d at 1030 ("A state
action viewed under the rational basis banner is presumed to be valid."). The government must
prove only that the laws bear "some rational relationship to a legitimate state purpose." Rodriguez,
411 U.S. at 44; accord Gregory, 501 U.S. at 471. In examining a city ordinance imposing an age
restriction on admission to certain dance halls, the Supreme Court stated, 


[A] State does not violate the Equal Protection Clause merely because the
classifications made by its laws are imperfect. If the classification has some
'reasonable basis,' it does not offend the Constitution simply because the
classification 'is not made with mathematical nicety or because in practice it results
in some inequality.'



Stanglin, 490 U.S. at 26-27 (quoting Dandridge v. Williams, 397 U.S. 471, 485 (1970)) (citations
omitted). We must now determine whether the park rules are justified by a legitimate state
purpose.

 Appellants concede in their brief that they do not challenge Travis County's "right
to regulate the activities of minors and ban unaccompanied minors from [McGregor Park]."(3) 
Consistent with their argument that the rules are subject to strict scrutiny, appellants charge instead
that "the rules are not narrowly crafted to the least restrictive manner." Appellants claim that the
curfew ordinance in Qutb was upheld because the law established defenses for infractions of the
ordinance, including one that exempted minors accompanied by a parent or guardian. Unlike this
case, however, the court in Qutb applied a strict scrutiny analysis to the curfew ordinance after
it "assume[d] without deciding that the right to move about freely is a fundamental right." Qutb,
11 F.3d at 492. We have already concluded that the park rules at issue are not subject to a strict
scrutiny analysis; therefore, the government need not satisfy this requirement here.(4) With no
dispute that a legitimate state interest exists for an age restriction, we conclude that the rules do
not violate the Equal Protection Clause. Accordingly, we overrule appellants' first issue. 


Exclusion of Summary Judgment Evidence

 In their second issue on appeal, appellants maintain that the district court erred
when it excluded two items of evidence submitted in support of their motion, namely, a videotape
entitled "Natural Summer" and incident reports from Pease Park compiled by the Austin Police
Department ("APD"). Appellants assert that this evidence rebutted Travis County's contentions
that McGregor Park incident reports demonstrated an increased risk of sexual offenses against
children and that these rules were enacted to achieve legitimate state interests--to protect minors
from exposure to sexual offenses and victimization. The county objected to the APD reports
because they detailed incidents occurring at Pease Park, a city park, rather than a county park like
McGregor Park. Because the videotape related to parks other than McGregor Park and nudist
practices not at issue here, Travis County also objected to it on the grounds of relevance. The
district court agreed with Travis County and excluded the APD reports and the videotape as not
relevant.

 We apply an abuse of discretion standard to the question of whether a district court
erred in excluding evidence. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). 
A district court may be reversed under this standard only when a reviewing court finds that "the
court acted in an unreasonable or arbitrary manner." Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985). "A [district] . . . court abuses its discretion when it rules 'without regard for any guiding
rules or principles.'" Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998)
(quoting Alvarado, 897 S.W.2d at 754). 

 When seeking to reverse a judgment based on an improper evidentiary ruling, a
complaining party "need not prove that but for the error a different judgment would necessarily
have been rendered, but only that the error probably resulted in an improper judgment." 
Alvarado, 897 S.W.2d at 753; accord Malone, 972 S.W.2d at 43. To prevail, the party must
demonstrate that "the judgment turns on the particular evidence excluded or admitted." Alvarado,
897 S.W.2d at 753-54. We review the entire record to determine whether a party has met this
burden. Id. at 754. If any legitimate basis exists to support a district court's evidentiary ruling,
then we must uphold the court's decision. Malone, 972 S.W.2d at 43; State Bar v. Evans, 774
S.W.2d 656, 658 n.5 (Tex. 1989) (citing McCormick on Evidence § 52, at 131 (3d ed. 1984)).

 Rule 402 of the Texas Rules of Evidence states, "All relevant evidence is
admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other
rules prescribed pursuant to statutory authority." Tex. R. Evid. 402. The rules define relevant
evidence as "having any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the evidence." 
Tex. R. Evid. 401. In other words, evidence is relevant if it tends to prove or disprove any fact
of consequence, thereby assisting the trier of fact. We have recognized that relevancy
determinations should be left primarily to the trial court, which relies on its own observations and
experience. Corley v. State, 987 S.W.2d 615, 618 (Tex. App.--Austin 1999, no pet.) (citing
Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993)).

 Appellants maintain that the videotape was offered "to demonstrate the wholesome-non-obscene-nature of social-familial nudity that is referenced in the Mortons' affidavits" and "the
extent in which the naturist movement has made an enclave into the American culture." Because
these purposes are not at issue in this case, the district court could have reasonably concluded that
the videotape did not involve facts of consequence and, as a result, was not relevant.

 Appellants also contend that the Pease Park incident reports were offered to rebut
the incident reports offered by Travis County "to establish that there were more reported sexual
offenses at . . . [McGregor Park], than other County parks." Given Pease Park's status as a city
park, the district court could have reasonably concluded that these reports were not relevant
because they have no bearing on how the rate of reported sexual offenses at McGregor Park
compares to other Travis County parks. We conclude that a legitimate basis exists to support the
district court's evidentiary rulings on both exhibits of summary judgment evidence and overrule
appellants' second issue.


CONCLUSION


 Because we conclude that both Travis County park rules are constitutional and that
the district court did not abuse its discretion in excluding summary judgment evidence, we affirm
the district court judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: December 7, 2000

Do Not Publish


1. McGregor Park is also known locally as Hippie Hollow. 
2. Appellants assert arguments based on their rights to equal protection, privacy, substantive
due process, and freedom of expression and of association under the Texas Constitution. See Tex.
Const. art. I, §§ 3, 8, 19, 27. With respect to their privacy and substantive due process
arguments, appellants direct our attention to several Texas cases, which acknowledge a parent's
fundamental right to direct the upbringing of a child. See, e.g., In re Doe 5, 19 S.W.3d 346, 376
(Tex. 2000) (Hecht, J., dissenting); Patterson v. Planned Parenthood, 971 S.W.2d 439, 447 (Tex.
1998) (Gonzalez, J., concurring); In re J.W.T., 872 S.W.2d 189, 194-95 (Tex. 1994); Wiley v.
Spartlan, 543 S.W.2d 349, 352 (Tex. 1976). Our review of these opinions, however, reveals no
discussion implicating the Texas Constitution. We decline to address the issues raised by appellant
under the Texas Constitution because appellants' briefs have not provided argument or citations
to authorities to support these arguments. See Tex. R. App. P. 38.1(h).
3. Courts have recognized that laws may treat minors differently from adults. Bellotti v.
Baird, 443 U.S. 622, 634 (1979); Qutb v. Strauss, 11 F.3d 488, 492 (5th Cir. 1993); Barber v.
Colorado Indep. Sch. Dist., 901 S.W.2d 447, 451 (Tex. 1995). Furthermore, the Supreme Court
has acknowledged that states have a "strong and legitimate interest in the welfare of its young
citizens, whose immaturity, inexperience, and lack of judgment may sometimes impair their ability
to exercise their rights wisely." Hodgson v. Minnesota, 497 U.S. 417, 444 (1990). In addition,
the Court has recognized that a "[s]tate is entitled to adjust its legal system to account for
children's vulnerability and their needs for 'concern, . . . sympathy, and . . . paternal attention.'" 
Bellotti, 443 U.S. at 635 (quoting McKeiver v. Pennsylvania, 403 U.S. 528, 550 (1970)).
4. The government need only show that a law is narrowly tailored to serve a compelling state
interest under a strict scrutiny analysis. Plyler v. Doe, 457 U.S. 202, 216-17 (1982).


define relevant
evidence as "having any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the evidence." 
Tex. R. Evid. 401. In other words, evidence is relevant if it tends to prove or disprove any fact
of consequence, thereby assisting the trier of fact. We have recognized that relevancy
determinations should be left primarily to the trial court, which relies on its own observations and
experience. Corley v. State, 987 S.W.2d 615, 618 (Tex. App.--Austin 1999, no pet.) (citing
Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993)).

 Appellants maintain that the videotape was offered "to demonstrate the wholesome-non-obscene-nature of social-familial nudity that is referenced in the Mortons' affidavits" and "the
extent in which the naturist movement has made an enclave into the American culture." Because
these purposes are not at issue in this case, the district court could have reasonably concluded that
the videotape did not involve facts of consequence and, as a result, was not relevant.

 Appellants also contend that the Pease Park incident reports were offered to rebut
the incident reports offered by Travis County "to establish that there were more reported sexual
offenses at . . . [McGregor Park], than other County parks." Given Pease Park's status as a city
park, the district court could have reasonably concluded that these reports were not relevant
because they have no bearing on how the rate of reported sexual offenses at McGregor Park
compares to other Travis County parks. We conclude that a legitimate basis exists to support the
district court's evidentiary rulings on both exhibits of summary judgment evidence and overrule
appellants' second issue.


CONCLUSION


 Because we conclude that both Travis County park rules are constitutional and that
the district court did not abuse its discretion in excluding summary judgment evidence, we affirm
the district court judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: December 7, 2000

Do Not Publish


1. McGregor Park is also known locally as Hippie Hollow. 
2. Appellants assert arguments based on their rights to equal protection, privacy, substantive
due process, and freedom of expression and of association under the Texas Constitution. See Tex.
Const. art. I, §§ 3, 8, 19, 27. With respect to their privacy and substantive due process
arguments, appellants direct our attention to several Texas cases, which acknowledge a parent's
fundamental right to direct the upbringing of a child. See, e.g., In re Doe 5, 19 S.W.3d 346, 376
(Tex. 2000) (Hecht, J., dissenting); Patterson v. Planned Parenthood, 971 S.W.2d 439, 447 (Tex.
1998) (Gonzalez, J., concurring); In re J.W.T., 872 S.W.2d 189, 194-95 (Tex. 1994); Wiley v.
Spartlan, 543 S.W.2d 349, 352 (Tex. 1976). Our review of these opinions, however, reveals no
discussion implicating the Texas Constitution. We decline to address the issues raised by appellant
under the Texas Constitution because appellants' briefs have not provided argument or citations
to authorities to support these arguments. See Tex. R. App. P. 38.1(h).
3. Courts have recognized that laws may treat minors differently from adults. Bellotti v.
Baird, 443 U.S. 622, 634 (1979); Qutb v. Strauss, 11 F.3d 488, 492 (5th Cir. 1993); Barber v.
Colorado Indep. Sch. Dist., 901 S.W.2d 447, 451 (Tex. 19