NO. 12-02-00220-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS FOR
§
 APPEAL FROM THE 


THE BEST INTEREST AND
§
 COUNTY COURT AT LAW


PROTECTION OF R.C.H.
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant R.C.H. appeals from a judgment ordering his commitment for temporary inpatient
mental health services pursuant to section 574.034 of the Texas Health and Safety Code. After a
hearing, the trial court ordered R.C.H. committed to Austin State Hospital for a period not to exceed
ninety days. (1) In five issues, R.C.H. challenges the legal and factual sufficiency of the evidence and
the trial court's admission of evidence over his objection. We affirm.


Background


 On July 22, 2002, an Application for Court-Ordered Temporary Mental Health Services was
filed with the County Clerk of Cherokee County, Texas. The application stated that R.C.H. was
mentally ill and that he met the criteria in section 574.034 of the Texas Mental Health Code for
court-ordered temporary mental health services. At the time of the hearing, R.C.H. was incarcerated
at the Skyview Unit of the Texas Department of Criminal Justice--Institutional Division, but was
scheduled to be released on July 30, 2002.

 The hearing on the application was held on July 24, 2002. In the Order for Temporary In-Patient Mental Health Service, which was signed the same day, the court stated the following:


 That after considering all of the evidence, including the Certificates, the recommendation for
the most appropriate treatment alternative, if any, and the expert, competent medical or psychiatric
testimony, it appears to the Court that the allegations of the Application and Certificates are true and
correct and are supported by clear and convincing evidence that the Patient is mentally ill and as a
result of that mental illness the Patient meets at least one of the following specified additional criteria:
is likely to cause serious harm to himself/herself; or will, if not treated, continue to suffer severe and
abnormal mental, emotional or physical distress and will continue to experience deterioration of
his/her ability to function independently [and] is unable to make a rational and informed decision as
to whether or not to submit to treatment.



See Tex. Health & Safety Code Ann. § 574.034(a)(2) (Vernon Supp. 2002). 


Admission of Evidence


 In issues two through five, R.C.H. complains that the trial court erred when it admitted Dr.
Michaels' testimony and R.C.H.'s medical records into evidence over objections of privilege, lack
of personal knowledge, and unfair prejudice. Evidentiary rulings are "committed to the trial court's
sound discretion." City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). A trial court
abuses its discretion when it rules "without regard for any guiding rules or principles." Id. at 754. 
An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for
the ruling. See State Bar of Texas v. Evans, 774 S.W.2d 656, 658 n.5 (Tex. 1989). Moreover, we
will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the
rendition of an improper judgment. Tex. R. App. P. 44.1(1).

 Section 611.006 of the Texas Health and Safety Code states that a professional may disclose
confidential information in an involuntary commitment proceeding for court-ordered treatment under
Chapter 574. Tex. Health & Safety Code Ann. § 611.006 (Vernon Supp. 2002). Consequently,
R.C.H.'s objection that the evidence is privileged is without merit.

 Once the proper predicate has been laid (2) in accord with Rule 803 of the Texas Rules of
Evidence, the person testifying from a business record is not required to have personal knowledge
of the truth of the contents of that business record. See Tex. R. Evid.803 (exceptions to the hearsay
rule may be invoked without regard to whether the declarant is available to testify). Furthermore,
even if the records are inadmissible, an expert not required to have personal knowledge is permitted
to rely on the facts and data contained therein to formulate an opinion. See Tex. R. Evid. 703 (if of
a type reasonably relied upon by experts in the particular field in forming opinions or inferences on
a subject, facts or data need not be admissible in evidence). The expert may also disclose on direct
examination, or be required to disclose on cross-examination, the facts or data underlying an opinion. 
Tex. R. Evid. 705(a). Therefore, the trial court did not abuse its discretion when it overruled
R.C.H.'s objection that Dr. Michaels lacked personal knowledge of the information she related in
her testimony.

 The fact that evidence has some prejudicial effect is insufficient to warrant its exclusion. 
Pittsburgh Corning Corp. v. Walters, 1 S.W.3d 759, 772 (Tex. App.--Corpus Christi 1999, pet.
denied). Rather, there must be a demonstration that introduction of the evidence would create a
danger of unfair prejudice to the objecting party. Tex. R. Evid. 403 (emphasis added). "Unfair
prejudice" means "an undue tendency to suggest [a] decision on an improper basis, commonly,
though not necessarily, an emotional one." Weidner v. Sanchez, 14 S.W.3d 353, 365 (Tex.
App.--Houston [14th Dist.] 2000, no pet.). Moreover, there must be a demonstration that the danger
of unfair prejudice substantially outweighs the evidence's relevance. Tex. R. Evid. 403 (emphasis
added). In this case, the facts presented at the hearing went directly to the issues upon which the
State had the burden of proof. Evidence of R.C.H.'s suicide attempts was vital to proving the
required elements. Further, R.C.H. does not show how evidence of his previous acts suggests a
decision based on an improper basis. Therefore, we cannot say that the probative value of Dr.
Michaels' testimony and the information derived from the medical records is substantially
outweighed by the danger of unfair prejudice. Consequently, the trial court did not abuse its
discretion when it allowed Dr. Michaels' testimony derived from R.C.H.'s medical records. 
Accordingly, we overrule issues two through five.


Sufficiency of the Evidence


Burden of proof and standard of review

 In his first issue, R.C.H. contends that the trial court erred in ordering the temporary inpatient
mental health services based upon legally and factually insufficient evidence. Section 574.034 of
the Texas Health and Safety Code contains the criteria for court-ordered temporary inpatient mental
health services. The court may order a proposed patient to receive temporary inpatient mental health
services only if the factfinder concludes from clear and convincing evidence that the proposed
patient is mentally ill and also meets at least one of the additional criteria set forth in section
574.034(a)(2). Specifically, subsection (a)(2) provides the factfinder must conclude that as a result
of mental illness, the proposed patient:


 (A) is likely to cause harm to himself;

 (B) is likely to cause serious harm to others; or

 (C) is:

 (i) suffering severe and abnormal mental, emotional, or physical distress;

 (ii) experiencing substantial mental or physical deterioration of the proposed patient's ability to
function independently, which is exhibited by the proposed patient's inability, except for reasons of
indigence, to provide for the proposed patient's basic needs, including food, clothing, health, or safety;
and

 (iii) unable to make a rational and informed decision as to whether or not to submit to treatment.

 


Tex. Health & Safety Code Ann. § 574.034(a)(2).

 The State has the burden of establishing by clear and convincing evidence that the proposed
patient meets at least one of the additional criteria listed in section 574.034(a)(2). Mezick v. State,
920 S.W.2d 427, 430 (Tex. App.--Houston [1st Dist.] 1996, no writ). "Clear and convincing
evidence" is an intermediate standard, falling between the preponderance of the evidence standard
of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. State v.
Addington, 588 S.W.2d 569, 570 (Tex. 1979). The Texas Supreme Court has defined "clear and
convincing evidence" as "that degree of proof which will produce in the mind of the trier of fact a
firm belief or conviction as to the truth of the allegations sought to be established." Id. at 570. 
When court-ordered temporary mental health services are sought, an additional requirement for clear
and convincing evidence is imposed. To be clear and convincing under subsection (a), the evidence
must include expert testimony and, unless waived, evidence of a recent overt act or a continuing
pattern of behavior that tends to confirm:


 (1) the likelihood of serious harm to the proposed patient or others; or

 (2) the proposed patient's distress and the deterioration of the proposed patient's ability to function.



Tex. Health & Safety Code Ann. § 574.034(d) (Vernon Supp. 2002). 

 In reviewing a legal sufficiency or no evidence complaint, the appellate court must look at
all the evidence in the light most favorable to the finding to determine whether a reasonable trier of
fact could have formed a firm belief or conviction that the alleged fact is true. In re J.F.C., 96
S.W.3d 256, 266 (Tex. 2002). In its review, the court must assume the factfinder resolved disputed
facts in favor of its finding if a reasonable factfinder could do so. Id. The reviewing court should
disregard all evidence that a reasonable factfinder could have disbelieved or found to have been
incredible. Id. 

 When conducting a factual sufficiency review, the appellate court must consider all of the
evidence, including any evidence contrary to the verdict. Plas-Tex, Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989). In conducting the review, the court must determine whether the
evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth
of the State's allegations. In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).

Legal Sufficiency

 At the commitment hearing, the State called one witness, Dr. Wanda Michaels. She testified
that she was R.C.H.'s treating physician and that she had examined him on July 17, 2002. She stated
that R.C.H. was suffering from bipolar I disorder. Dr. Michaels indicated that she believed R.C.H.
was likely to cause serious harm to himself and to others and was suffering severe and abnormal
mental, emotional, or physical distress. In explaining her reasoning, she stated that R.C.H. had "a
history of mental illness, with a pervasive pattern of repeated episodes of depression and labile or
changeable mood and unpredictable moods, with poor impulse control, resulting in harm to himself
and to others." (3) 

 Dr. Michaels testified that on three separate occasions within two months prior to the hearing,
R.C.H. tied a sheet around his neck to hang himself. The third incident was the most serious because
he tied a sheet around his neck and around the bars on his window. He has also reported hearing
voices. Additionally, on examination, he had "decreased rate, tone, and volume of speech, evidence
of depression, blunted affect, and he indicated . . . that he was continuing to have intermittent
suicidal thoughts and was still feeling depressed."

 We hold that this testimony is legally sufficient evidence that R.C.H. is mentally ill and that
he engaged in an overt act which showed by clear and convincing evidence that he is likely to cause
serious harm to himself.

Factual Sufficiency

 In addition to the evidence cited in the legal sufficiency analysis, Dr. Michaels admitted that
R.C.H. was able to dress himself, feed himself, and take care of his personal hygiene without
assistance or prompting. She also stated that R.C.H. could initiate and respond to conversation. 
When questioned further, Dr. Michaels admitted that if R.C.H. took medication, he should improve
within two to four weeks. The integrated progress notes included three entries that pertained to
R.C.H.'s behavior. On July 7, 2002, a counselor noted R.C.H. was "alert, lucid, and goal directed
. . . well-organized, times four [as to time, place, person, and situation], and denied suicidal or
homicidal occasions." On July 18, the same counselor noted that R.C.H. was "alert but quiet," and
on July 22, a therapist noted that R.C.H. "participated in group."

 R.C.H. testified that he no longer has the desire to hurt himself or anybody else. He further
stated that he can feed and clothe himself, take care of his personal hygiene, and work. He stated
that upon release, he would work with his father who does construction work. If recommended upon
release that he continue treatment and medications, he would have no objection to doing so.

 Considering all of the evidence, including any evidence contrary to the trial court's findings,
we conclude that a fact finder could reasonably form a firm belief or conviction that R.C.H. is likely
to cause serious harm to himself. Accordingly we hold that there is both legally and factually
sufficient evidence to find that R.C.H. is mentally ill and that he is likely to cause serious harm to
himself based upon overt acts consisting of three suicide attempts. Therefore, R.C.H.'s first issue
is overruled. Because we have concluded that the evidence is legally and factually sufficient to
support the trial court's finding that R.C.H. is likely to cause serious harm to himself, we need not
address the trial court's finding concerning R.C.H.'s ability to provide for himself and make rational
treatment decisions. See Tex. Health & Safety Code Ann. § 574.034(a)(2) (requires finding that
the proposed patient is mentally ill and meets at least one of the additional statutory criteria); see also
Tex. R. App. P. 47.1.


Conclusion


 Having overruled the five issues presented by R.C.H. on appeal, we affirm the judgment of
the trial court.



 SAM GRIFFITH 

 Justice



Opinion delivered August 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.























(PUBLISH)
1. The ninety-day commitment period has expired, but this appeal is not moot. In State v. Lodge, 608 S.W.2d
910, 911 (Tex. 1980), the Texas Supreme Court held that the doctrine of mootness does not apply to appeals from
involuntary commitments.
2. R.C.H.'s counsel stipulated that the medical records were business records, precluding the need to lay the
predicate.
3. Dr. Michaels stated that R.C.H. had stabbed another offender in December 2000. She admitted that there had
been no other overt acts since that time which would indicate R.C.H. was likely to cause serious harm to others. The
State then abandoned its allegation that R.C.H. was likely to cause serious harm to others.