

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00199-CV

_____

TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH, Appellant
and Appellee

V.

STEPHEN FEATHERLY, Appellee and Appellant

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2016-003319-3

Dissenting Opinion by Justice Walker

**DISSENTING OPINION**

I wholeheartedly agree with the majority that because Stephen Featherly was allowed entry and access to the Hospital's emergency department, he was admitted for purposes of the hospital-lien statute. But I dissent from the majority's conclusion that the Hospital is entitled to a new trial based on the trial court's exclusion of evidence that Featherly had previously represented in a separate lawsuit that he had incurred a different amount of medical costs at the Hospital than the amount he claimed was reasonable in the instant suit.

## I. A BRIEF OVERVIEW OF THE FACTS

This appeal carries the faint scent of gamesmanship. Seeming gamesmanship by the Hospital by initially billing one amount and then seeking a higher amount when a personal-injury recovery by Featherly seemed possible. Apparent gamesmanship by Featherly because he stated his incurred hospital expenses were one amount in his personal-injury suit but a lesser amount when challenging the reasonableness of those expense amounts. For this reason, I believe it necessary to focus on the basics of what occurred in this case, eschewing any attempt to ascribe intent to either side's maneuvers in the prior litigation.

With that in mind, I turn to the broad strokes of what brings this dispute to us. Featherly was injured in a car accident and treated in the Hospital's emergency department. The Hospital billed Featherly $13,575.10, explaining that they had discounted the $24,682 in total charges by $11,106.90 because Featherly was

2

uninsured. Once the Hospital got wind of the fact that Featherly might receive personal-injury damages, the Hospital sent Featherly a past-due bill for the full amount—$24,682. The Hospital attested that these charges were necessary and reasonable. Then the Hospital filed a statutory hospital lien against Featherly's possible future recovery "for the amount of the Hospital's charges for services provided to [Featherly]." The Hospital continued to seek payment from Featherly for the full $24,682 amount. Featherly did, indeed, file a personal-injury suit and answered an interrogatory that he had "incurred" $24,682 in medical expenses at the Hospital. Featherly settled his personal-injury suit for $500,000, and the claims adjuster paid the Hospital $24,682. The parties signed a confidentiality agreement regarding the settlement negotiations and its terms.

Now we reach the instant dispute: Featherly filed a declaratory-judgment action based on his contention that the Hospital's $24,682 charges exceeded the reasonable and regular rate. The Hospital raised the affirmative defense of estoppel based on Featherly's use of the full amount in negotiating his prior personal-injury settlement. And after Featherly responded to the Hospital's breach-of-contract counterclaim with an assertion that he had lacked the capacity to contract, the Hospital pleaded that Featherly's discovery response relying on the full amount ratified the contract because he had "acknowledged his obligation to pay [the Hospital] the full billed charges as stated in the contract."

3

Before and during trial, the Hospital tried on more than one occasion to introduce Featherly's prior discovery responses in the settled personal-injury suit, mainly as they related to its estoppel defense. At one point, the Hospital stated that this evidence related to their ratification defense: "[A]nd we have a ratification element of our claim. And it all goes to incurred. Incurred means I owe it." Featherly argued that the information would impermissibly violate the confidentiality agreement from the prior litigation, would impermissibly permit admission of settlement negotiations, and would not be relevant to whether the Hospital's charges were reasonable and regular. In a pretrial motion in limine, which the trial court granted, Featherly argued that any mention of the settlement would violate the collateral-source rule. Throughout, the trial court consistently stated that the evidence was not admissible. For example, the trial court stated at a pretrial hearing,

> We're not here to talk about the other lawsuit. The fact that he had a lawsuit has got no bearing on whether or not the amount charged was reasonable.
>
> . . . .
>
> . . . We have 17 different amounts that [the Hospital] charge[s] and [it] claim[s] they're all reasonable.
>
> But in reality, we don't know what's reasonable until the jury tells us what's reasonable . . . .

When the Hospital attempted to introduce Featherly's discovery responses during trial, it again leaned into its argument that Featherly's stating he had incurred $24,682 estopped him from claiming otherwise in his declaratory-judgment suit. The trial

4

court again ruled that the evidence was inadmissible but specified that it was "not relevant as proof of reasonableness" before the remainder of the ruling was interrupted. The Hospital then stated that Featherly's acknowledgement in the personal-injury suit "also goes to ratification." Nevertheless, the trial court sustained Featherly's objection to the introduction of the evidence from the prior litigation without further explanation.

"[A]t the time of the trial," the Hospital filed requested jury questions, one of which asked whether Featherly had ratified "an agreement with Defendant to pay the 'full billed charges' for the goods and services provided."[1] The trial court globally refused the Hospital's tendered questions.[2] The jury found that Featherly had not had the capacity to contract with the Hospital but that the reasonable and regular rate for the service was $13,575.10. Although not required, the jury further answered that the Hospital performed compensable work for Featherly for which it was not compensated and that the reasonable value of that work was $13,575.10. After the jury's verdict, the Hospital did not raise the ratification issue either in its motion for

---

[1] These requested questions originally were not part of the appellate record because they were not included in the clerk's record of filed documents. The Hospital moved the trial court to designate the missing requested questions as part of the clerk's record, which the trial court granted. *See* Tex. R. App. P. 34.5(e).

[2] The record does not support the Hospital's implication that the trial court refused to submit its requested ratification question because there was no evidence to support it.

entry of a $13,575.10 judgment in its favor on its quantum meruit counterclaim or in its objections to Featherly's proposed final judgment.

## II.  REVIEW PARAMETERS

Now on appeal, the Hospital urges that the trial court erred by sustaining Featherly's objections to the admission of the discovery responses and by refusing to include ratification in the jury charge.  We review jury-charge and evidence-exclusion complaints for an abuse of discretion.  *See Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727–28 (Tex. 2016).  And if an abuse occurred, we then review the entire record to determine if the error was harmful.  *See id.* at 728 (citing Tex. R. App. P. 44.1).

### A.  ABUSE OF DISCRETION

The majority confines its analysis to whether the excluded evidence was relevant to the Hospital's affirmative defense of ratification, concluding that it was relevant and admissible.  But in an abuse-of-discretion review, we are to uphold the ruling if there is "any legitimate basis for the ruling," even if that basis was not raised in the trial court.  *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *see State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989); *Harpst v. Fleming*, 566 S.W.3d 898, 904–05 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 659–60 (Tex. App.—Texarkana 2017, pet. denied); *Hong v. Bennett*, 209 S.W.3d 795, 799 (Tex. App.—Fort Worth 2006, no pet.); *see also Martinez v. Abbott Lab'ys*, 146 S.W.3d 260, 268 (Tex.

6

App.—Fort Worth 2004, pet. denied) (recognizing that Texas Supreme Court held in *Evans* that appellate court must uphold evidentiary ruling "if there is any legitimate basis for the ruling, even if the legitimate basis was not urged in the trial court").

Here, the trial court could have concluded that the admission of the discovery responses would have run afoul of Rule 408's prohibition of admission of settlement negotiations or the fact of a settlement. *See* Tex. R. Evid. 408(a). Indeed, the trial court expressed its concern that if the discovery responses were admitted, the evidentiary door would be opened to inquire about the amount and timing of the settlement and about the Hospital's discounting practices. I agree with the trial court that the admission of Featherly's discovery responses would have necessarily required an inadmissible examination of what was considered in settlement negotiations and what amounts were included in the settlement amount, opening an inadmissible can of worms.[3] *See, e.g.*, *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 259–61 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.). Thus, Rule 408(a) would have supported the trial court's exclusion notwithstanding the permissive saving provision in Rule 408(b) pointed out by the majority.

Further, the trial court could have found that the danger of unfair prejudice or confusing the issues outweighed the probative value of the evidence, even though

---

[3]In fact, the Hospital's offer of proof regarding the excluded evidence included questions about the amount of the settlement, Featherly's satisfaction with that amount, and whether Featherly understood "that the more [he] had in bills, the better [his] claim."

7

relevant.  *See* Tex. R. Evid. 403.  Featherly raises this basis in his appellate brief but the majority does not address its substance.  Indeed, evidence that Featherly had affirmed that he had "incurred" $24,682 in hospital expenses during discovery of his personal-injury suit, which was the amount the Hospital had billed him at that time, could have unfairly prejudiced Featherly by injecting a large settlement amount into the facts before the jury, which the trial court recognized, or could have confused the jury's reasonableness inquiry.  *See, e.g.*, *Owens-Corning*, 972 S.W.2d at 43–44; *Farmers Tex. Cnty. Mut. Ins. Co. v. Pagan*, 453 S.W.3d 454, 463 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The majority disagrees that neither Rule 403 nor Rule 408(a) can support the trial court's exclusion.  The majority first asserts that because Featherly did not object to the admission of this evidence on the basis of Rule 403, it is questionable whether Featherly could "prosecute such a basis for exclusion on appeal."  But Featherly is not seeking exclusion on appeal; the Hospital is asserting its admissibility and, in doing so, must show that the trial court abused its discretion—that the trial court's exclusion was arbitrary or unreasonable.  *See Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).  And we must uphold that ruling on any legitimate basis even if not raised in the trial court.  *See Owens-Corning*, 972 S.W.2d at 43–44; *Great N. Energy*, 528 S.W.3d at 659–60; *see also Martinez*, 146 S.W.3d at 268.  Rule 403 is a legitimate basis.

8

Similarly, the majority holds that because Featherly "has not carried his burden to demonstrate that the discovery responses also fall within Rule 408's purview," that rule cannot support the trial court's exclusion. Again, it is not Featherly's burden on appeal to demonstrate the inadmissibility of the discovery responses. The majority's approach seems to impermissibly overturn the trial court's evidentiary exclusion because of the presence of a ground on which the evidence is admissible. *See, e.g., Evans*, 774 S.W.2d at 658 n.5. I believe an abuse-of-discretion review cannot view the ruling through this prism. *See, e.g., id.*; *Great N. Energy*, 528 S.W.3d at 659–60.

Because of the deferential nature of an abuse-of-discretion review, I would conclude that the trial court's exclusion was within the zone of reasonable disagreement. I dissent from the majority's failure to give the requisite deference to the trial court in light of the presence of evidentiary bases supporting its ruling.

## B. HARM

Even if the trial court had abused its discretion, I would hold that the Hospital has failed to show that the error probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Bracewell v. Bracewell*, 31 S.W.3d 610, 614 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). At first blush, this conclusion seems counterintuitive. After all, if this was the Hospital's only evidence of ratification, it was crucial to a key issue and was, therefore, reversible error. *See JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 165 (Tex. 2015). But we are to review the entire record in determining whether error is reversible. *See id.*

9

The jury found that the Hospital was entitled to recover the reduced $13,575.10 amount under its noncontractual quantum meruit counterclaim. It found this amount even though there was ample evidence that the Hospital had billed Featherly $24,682, that Featherly had received all services billed in that amount, that Featherly agreed he owed and was obligated to pay the Hospital $24,682, and that an expert posited that $24,682 was a reasonable and regular rate. Thus, even though the Hospital was not permitted to introduce Featherly's discovery response in the prior suit, there was evidence supporting the full amount, which the jury rejected in considering the Hospital's quantum meruit counterclaim. I would hold that the jury's (albeit superfluous) quantum meruit finding and the evidence that $24,682 was the reasonable and regular rate shows that the jury did not render an improper verdict based on the exclusion of Featherly's discovery responses regarding the $24,682 billed amount as being "incurred." The Hospital even moved for entry of judgment based on the jury's quantum meruit findings. I dissent to the majority's holding that the exclusion was reversible error.

### III. CONCLUSION

The Hospital sought to introduce evidence of Featherly's discovery responses in the prior suit tangentially in support of its ratification defense. This evidence went to Featherly's settlement negotiations and amount, which is not admissible. And even if admissible as relevant, the evidence could have been excluded because its probative value was outweighed by the danger of unfair prejudice or confusion of the issues.

Although the evidence was crucial to a key issue, the trial court could have found it to have been inadmissible. Thus, I would hold that the trial court did not abuse its discretion by excluding it. And even if the evidence was erroneously excluded, the error was not reversible based on the entirety of the record and the fact that the jury rejected the Hospital's argument that it was entitled to the nondiscounted amount. While I applaud the majority's careful analysis throughout its well researched opinion, I respectfully dissent to the majority's conclusion that the jury's verdict and the trial court's resulting judgment must be reversed and remanded for a new trial.

/s/ Brian Walker

Brian Walker
Justice

Delivered: April 14, 2022

11