Wilber COLLINS, Appellant,

v.

Clarence WALKER d/b/a Brotherhood Recycling, Appellee.

No. 14–09–00587–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 12, 2011.

Michael O. Whitmire, Houston, for appellant.

John Harold Risley, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## SUBSTITUTE OPINION

JOHN S. ANDERSON, Justice.

Appellant, Wilbur Collins's Motion for Rehearing is overruled; the majority opinion of December 16, 2010 is withdrawn, and the following substitute majority opinion is issued in its place.

This is an appeal by appellant from a judgment in favor of appellee, Clarence Walker d/b/a Brotherhood Recycling. Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This litigation arose out of a dispute involving a real estate lease. Appellant owned the real estate and evicted appellee because appellee allegedly violated terms of the lease. Appellee then filed suit against appellant alleging causes of action for breach of contract, promissory estoppel, wrongful eviction, fraud, and trespass to try title. The dispute went to trial before the court without a jury. The trial court ruled in favor of appellant on all of appellee's causes of action except promissory estoppel. On the promissory estoppel claim, the trial court found in favor of appellee and entered judgment awarding appellee $2,796.00 in actual damages. In addition, the trial court awarded appellee $5,600.00 in attorney's fees. The trial court entered findings of fact and conclusions of law as follows:

### FINDINGS OF FACT

1. Plaintiff Clarence Walker d/b/a Brotherhood Recycling ("Mr. Walker") is an individual and currently the sole proprietor of Brotherhood Recycling.

2. Defendant Wilber Collins ("Mr. Collins") is an individual who formerly owned the property located at . . . Crosby, Texas 77532 (the "Property").

3. Mr. Collins leased the Property pursuant to a Commercial Lease Agreement (the "Lease Agreement"), dated August 30, 1999, to David Lamon and Kenneth Washington.

4. The Lease Agreement contained certain special provisions which were typewritten into the agreement.

5. The special provisions provided that the tenants had the option to purchase the Property wherein the total rents paid would be applied toward the same.

6. The special provisions also provided that the term of the rental would be as follows: (i) 43 monthly payments in the amount of $700 dollars and 120 monthly payments in the amount of $467 dollars and (ii) if the tenant failed to pay rent for two consecutive months, the tenants could no longer exercise the option to purchase and would lose their deposit.

7. Originally, David Lamon, Kenneth Washington, and Mr. Walker were partners that did business as Brotherhood Recycling.

8. Mr. Walker, although a partner with Brotherhood Recycling, did not sign the Lease Agreement. The Lease Agreement also did not reference Brotherhood Recycling. The Property, however, was used by Brotherhood Recycling.

9. Not long after the execution of the Lease Agreement, David Lamon passed away. A few years later, Kenneth Washington was no longer affiliated with Brotherhood Recycling. Mr. Walker became the sole de facto tenant of the Property and as a sole proprietor of

Brotherhood Recycling, he continued to make payments to Mr. Collins for the Property.

10. Mr. Collins allowed Mr. Walker to make certain excess payments under the mistaken belief that he would eventually procure title to the property [sic].

11. Mr. Walker communicated his belief that he thought he was purchasing the property [sic] from Mr. Collins as provided for under the Lease Agreement. Mr. Collins through his conduct also led him to believe that this was the case, although Mr. Walker was never a signatory to the Lease Agreement.

12. As a result of Mr. Walker's reliance on Mr. Collins promises, he paid amounts in excess of what he would have required to pay, as he believed the excess would eventually go to the purchase of the Property.

13. Attorneys' fees in the amount of $5,600 are reasonable and necessary.

14. Any finding contained herein which is more appropriately considered a conclusion of law shall be considered as such.

## CONCLUSION OF LAW

1. There was no express contract between Mr. Walker and Mr. Collins regarding the subject matter of the Property.

2. Mr. Walker detrimentally relied on the promises of Mr. Collins and that such reliance was reasonable, substantial, and foreseeable. In order to avoid injustice, Plaintiff is entitled to damages resulting from the foregoing reliance and unintentional windfall.

3. The Court finds that Plaintiff, Mr. Walker, has proven by a preponderance of the evidence that the sum of $2,796 as damages, which, if paid now in cash, would fairly and reasonably compensate Plaintiff, Mr. Walker, for his claim of promissory estoppel.

4. The Court finds the Plaintiff, Mr. Walker, is entitled to attorneys' fees on his claim for promissory estoppel in the amount of ... Five Thousand Six Hundred Dollars ($5,600).

5. Any conclusion of law contained herein which is more appropriately considered a finding of fact shall be considered as such.

Appellant timely requested that the trial court modify/amend its findings of fact and conclusions of law. However, appellant's request for modified or amended findings and conclusions were all requests for the trial court to omit its original findings and conclusions and to substitute them with findings and conclusions contrary to the trial court's decision in the case. Appellant's request was overruled by operation of law. This appeal followed.

### DISCUSSION

Appellant brings two issues on appeal. In his first issue, appellant contends the trial court erred in rendering judgment in favor of appellee because the judgment is not supported by all necessary findings of fact and conclusions of law and the trial court erred when it refused to adopt appellant's requested additional or amended findings of fact and conclusions of law. In his second issue, appellant asserts the evidence is not legally or factually sufficient to support the trial court's judgment. We address each issue in turn.

## I. Is the judgment supported by all necessary findings of fact and conclusions of law?

The judgment in this case awarded appellee damages on his promissory estoppel cause of action. The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance by the promisor,

(3) substantial and reasonable reliance by the promisee to its detriment, and (4) enforcing the promise is necessary to avoid injustice. *Sipco Servs. Marine v. Wyatt Field Serv. Co.*, 857 S.W.2d 602, 605 (Tex. App.-Houston [1st Dist.] 1993, no writ).

■ There is a general presumption that judgments of courts of general jurisdiction are valid. *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex.App.-Houston [ 14th Dist.] 1999, pet. denied). In a case tried before the court without a jury, in which there are findings of fact and conclusions of law, the reviewing court will indulge every reasonable presumption in favor of the findings and judgment of the trial court. *Id.* at 252. No presumption will be indulged against the validity of the judgment. *Id.* The presumption of validity may be rebutted. *Id.* Because the presumption is always in favor of the validity of the judgment, the burden of demonstrating error rests with the appellant. *Id.*

After judgment is rendered in a bench trial, either party may request findings of fact and conclusions of law. *Id.* at 253 (citing Tex.R. Civ. P. 296). However, because findings of fact and conclusions of law can provide a basis for overcoming the presumption of validity that extends to judgments and demonstrating error on appeal, they are normally requested by the losing party. *Id.* When this occurs, the trial court will, as a matter of practice, invite the prevailing party to submit proposed findings and conclusions based upon its rulings. *Id.* Therefore, it is normally the prevailing party in the trial court and the appellee on appeal, who prepares proposed findings on specific elements necessary to support the trial court's judgment. *Id.* Following this, the losing party, normally the appellant on appeal, may request additional findings on omitted elements to prevent them from being deemed found on appeal. *Id.* at 254 (citing Tex.R. Civ. P. 298). This fits with the primary purpose of the Rules of Civil Procedure dealing with findings of fact and conclusions of law: assisting the losing party in narrowing the issues on appeal by ascertaining the true basis for the trial court's decision. *Id.* at 255. A request for negative findings contrary to the trial court's judgment has no logical or legal significance toward rebutting the presumption of validity unless the trial court is specifically alerted to the real issue; namely, that one or more necessary elements have been omitted in the trial court's original findings. *Id.* at 256.

■ Here, both in the trial court and in his appellate brief, appellant has not referred this court to specific and necessary elements that were omitted from the trial court's findings of fact and conclusions of law. Instead, appellant's request for amended or modified findings of fact and conclusions of law appears to be appellant's protest that the trial court resolved disputed facts against him. Because appellant did not present any necessary elements that were omitted from the trial court's findings of fact and conclusions of law, we conclude (1) that appellant has not rebutted the presumption of validity that attaches to a trial court's judgment; and (2) that the trial court's findings of fact and conclusions of law, when viewed from that perspective, support the judgment.

■■ In the second part of appellant's first issue, appellant complains that the trial court erred when it refused to adopt appellant's requested additional or amended findings of fact and conclusions of law. A trial court has no duty to make additional or amended findings that are unnecessary or contrary to its judgment; a trial court is only required to make additional findings and conclusions that are appropriate. *Id.* at 254. In addition, the trial court is not required to make additional

findings which conflict with the original findings. *Id.* As pointed out above, all of appellant's requested additional or amended findings of fact and conclusions of law were contrary to the trial court's original judgment; therefore, we hold the trial court was not required to adopt them.

We overrule appellant's first issue.

## II. Did appellant waive his second issue?

■■■■ In his second issue appellant asserts the evidence is legally and factually insufficient to support the judgment. However, appellant fails to cite any legal authority under this issue. The Texas Rules of Appellate Procedure control the required contents and the organization for an appellate brief. *Valadez v. Avitia,* 238 S.W.3d 843, 845 (Tex.App.-El Paso 2007, no pet.) (citing Tex.R.App. P. 38.1). An appellant's brief must contain a clear and concise argument that includes appropriate citations to legal authority. *Id.* This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations. *Id.* Failure to cite legal authority results in waiver of the complaint. *Id.* Because appellant's second issue does not comply with the requirements of Texas Rule of Appellate Procedure 38, he has waived it on appeal.[1] Because it has been waived, we overrule appellant's second issue.

FROST, J., concurring.

KEM THOMPSON FROST, Justice, concurring.

The court reaches the right result but utilizes the wrong analysis in the process. For this reason, I respectfully decline to join the majority's opinion, but I concur in the court's judgment.

The appellant's two issues should be overruled because our appellate record contains no reporter's record from the bench trial, and therefore this court must presume that the trial proceedings support the judgment. The court should rely on this presumption as the sole basis for affirming the trial court's judgment rather than addressing the merits of the first issue and finding briefing waiver as to the second issue.

### Proceedings in the Trial Court

Plaintiff/appellee Clarence Walker d/b/a Brotherhood Recycling sued defendant/appellant Wilber Collins, asserting claims for breach of contract, promissory estoppel, alleged violation of section 91.004 of the Texas Property Code, fraud, and trespass to try title. The district court called this case to trial, and both parties, each represented by counsel, appeared. During the bench trial that followed, the trial court heard evidence and arguments of counsel. A court reporter made a record of the trial proceedings.

The trial court rendered judgment awarding Walker actual damages and attorney's fees based on his promissory-estoppel claim and rendering a take-nothing judgment against Walker as to all of his other claims. The trial court issued findings of fact and conclusions of law. Collins filed a notice of appeal, but our record does not contain any written request by Collins for the preparation of a reporter's record. *See* Tex.R.App. P. 34.6(b)(1) (stating that "[a]t or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record"). The offi-

---

1. To the extent appellant's second issue could be construed as complaining about the lack of a reporter's record, we conclude that too is waived due to the failure to cite any legal authority. Tex.R.App. P. 38.

cial reporter for the trial court has notified this court that Collins never requested that a reporter's record be prepared. Our record does not contain a reporter's record.

## Arguments on Appeal

On appeal, Collins asserts two issues:

The trial court erred in rendering judgment in favor of [Walker] because the judgment for promissory estoppel and attorney's fees is not supported by all necessary findings of fact and conclusions of law.

The trial court erred in rendering judgment in favor of [Walker] because the trial evidence [ ] was not legally sufficient nor factually sufficient to support all of the necessary elements required for [Walker] to prevail on the issues of promissory estoppel and recovery of attorney's fees.

In the "Summary of the Argument" section of his appellate brief, Collins does not mention the trial court's findings of fact or conclusions of law. Instead, he asserts that this court should reverse and render or reverse and remand because Walker allegedly failed to prove his promissory-estoppel claim. In his argument under the first issue, Collins asserts that "the issue presented in this appeal is very straightforward." Collins then states that, "[q]uite simply, the trial court's judgment is not supported by the evidence, as described by the trial court's findings of fact and conclusions of law." Collins then presents argument, including citation to legal authorities and to the clerk's record, in support of the proposition that the trial evidence is legally insufficient to prove the essential elements of a promissory-estoppel claim and that this evidentiary insufficiency is also reflected in the trial court's findings of fact and conclusions of law. In his argument under his second issue, Col-

lins asserts that the evidence is legally and factually insufficient to support a recovery by Walker on his promissory-estoppel claim. Collins asks this court to reverse the trial court's judgment and render a take-nothing judgment.

## Adequacy of Appellate Briefing Regarding Insufficiency of the Evidence

The majority disposes of Collins's argument that the evidence is insufficient by finding briefing waiver. *See ante* at pp. 574–75. The majority concludes that Collins's appellate briefing is insufficient because he did not cite any legal authority under his second issue. But, as Collins himself states in his brief, his two issues are different ways of asserting the same argument, namely that the evidence is insufficient to support the trial court's judgment. Collins does cite legal authorities. And he sufficiently briefs this argument under his first issue. The Supreme Court of Texas has emphasized that we must construe appellate briefs liberally so that the right to appellate review is not easily lost by waiver. *Perry v. Cohen,* 272 S.W.3d 585, 587–88 (Tex.2008). Given that Collins presented argument, including citations to legal authorities and the appellate record, in support of his evidentiary-insufficiency argument under his first issue, this court errs in holding that Collins waived this argument by inadequate appellate briefing. *See id.* (liberally construing issues presented in appellate brief based on argument section of the brief).

## Application of Presumption Based on Lack of Reporter's Record

In this appeal and in his argument under his two issues, Collins asserts that the trial evidence is legally, or in the alternative factually, insufficient to support the trial court's judgment. Collins asserts in

his first issue that the trial court's judgment lacks all necessary findings of fact and conclusions of law. But Collins's argument under this issue is that the trial evidence is legally insufficient to prove the essential elements of a promissory-estoppel claim and that this evidentiary insufficiency is reflected in the trial court's findings of fact and conclusions of law.

Our appellate record reflects that evidence was presented at trial and that a court reporter made a record of the trial proceedings. But our appellate record does not contain a reporter's record from the trial. Collins has not undertaken an appeal based upon a partial reporter's record under Texas Rule of Appellate Procedure 34.6(c). *See* Tex.R.App. P. 34.6(c) (detailing various procedures that apply when an appellant "requests a partial reporter's record"). On this record and under applicable law, this court must presume that the trial proceedings are relevant to Collins's appellate issues and that they support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *Middleton v. Nat'l Fam. Care Life Ins. Co.*, No. 14-04-00428-CV, 2006 WL 89503, at *2 (Tex.App.-Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem. op.). Applying this presumption to the two issues presented, Collins cannot prevail. Therefore, this court should affirm the trial court's judgment based on this presumption alone.

Instead of taking this approach, the majority undertakes a merits analysis as to the first issue, quoting the trial court's findings of fact and conclusions of law at length and discussing the merits of this appeal. Because this court cannot analyze the merits of the issues based on the presumption discussed above, this court should avoid discussing the merits of this case. If this court had a reporter's record from the trial, it might conclude that the evidence is legally insufficient to support the trial court's judgment, or it might conclude to the contrary. But, because this court must affirm the trial court's judgment in any event based on the lack of a reporter's record, this court should not conduct a merits analysis at all.

In conclusion, this court should not base its analysis on briefing waiver; rather, this court should base its analysis only on the presumption that results from lack of a reporter's record of the trial proceedings.