**Affirmed and Memorandum Opinion filed July 26, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00331-CV

---

## GRIFFITH TRUCK & EQUIPMENT, INC. AND BRUCE GRIFFITH, Appellants

### V.

## FLASH TANK SERVICES, INC., Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2021-09778**

---

## MEMORANDUM OPINION

This interlocutory appeal presents two familiar questions under the Texas Citizens Participation Act ("TCPA"): (1) whether appellants, the TCPA movants, established that the act applies to each challenged claim; and (2) if so, whether appellee presented prima facie evidence in support of its claims.

We hold that appellants established that the TCPA applies to appellee's promissory estoppel claim but not to its fraud and tortious interference claims. We

further hold that appellee established a prima facie case in support of its promissory estoppel claim. Accordingly, we affirm the trial court's order denying appellants' TCPA motion to dismiss.

## Background

Flash Tank Services, Inc. is a full-service large truck and trailer service company that repairs, inspects, washes, cleans, and stores waste from tractor-trailers. According to Flash Tank, its business operation required a "large scale property" and "substantial infrastructure to service the large tractor-trailers."

In 2012, Flash Tank leased property from Bruce Griffith, who was also "in the trucking business" and owned Griffith Truck & Equipment, Inc. ("GTE"). The initial lease term was three years. Upon expiration of the lease in 2015, Flash Tank contacted Griffith about renewing the lease. Griffith allegedly assured Flash Tank's owner, Mary Medina, that Flash Tank did not need a lease to operate on the property. Relying on Griffith's assurances, Flash Tank made significant infrastructure improvements to the property, which were necessary for the specialized nature of Flash Tank's business.

In 2020, Griffith sent a notice of eviction to Flash Tank, giving Flash Tank thirty days to vacate the property. In the notice, Griffith stated: "You have been warned several times from the odor washing the tanks. This letter is to inform you that you have 30 days from the above date to evict the property. . . . This is not up for discussion." Griffith then filed a petition for eviction in Harris County justice court. The justice court signed a judgment for possession of the leased premises in Griffith's favor.

Flash Tank later learned that, "[d]uring the eviction," Griffith and another party, Intra-Services, Inc., had contacted Flash Tank's clients. According to Flash

2

Tank, "[t]hose clients made clear that the Defendants intended to supplant Plaintiff and offer the same or similar services to Plaintiff's clients."

Flash Tank sued GTE, Griffith, and Intra-Services.[1]  Flash Tank asserted claims for promissory estoppel, tortious interference, and fraud.  Flash Tank sought injunctive relief and monetary damages.

GTE and Griffith filed a motion to dismiss under the TCPA.  They argued that Flash Tank's lawsuit was based on or in response to the eviction proceeding, which constituted an exercise of the right of free speech or to petition under the act.  The movants further argued that Flash Tank could not establish a prima facie case for each essential element of its claims.

Flash Tank responded and attacked the motion on several grounds.  Flash Tank asserted that its fraud claim was categorically exempted from the TCPA and that its promissory estoppel and tortious interference claims fell within the act's commercial speech exemption.  Flash Tank also contended that it could establish a prima facie case for its tortious interference and promissory estoppel claims.  Flash Tank attached to its response an unsworn (but unsigned) declaration from Medina. According to Flash Tank, during the hearing the trial court granted leave to file a signed affidavit.  The day after the hearing, Flash Tank filed an affidavit signed by Medina.  Appellants filed an objection to the affidavit, alleging that it was untimely and otherwise insufficient to meet Flash Tank's prima facie burden.

The trial court did not rule on the movants' TCPA motion, so it was denied by operation of law.  *See* Tex. Civ. Prac. & Rem. Code § 27.008(a).  GTE and Griffith now appeal.

---

[1] Intra-Services is not a party to this interlocutory appeal.

**Analysis**

**A.    Applicable law and standard of review**

The TCPA protects citizens who associate, petition, or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them. *See In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). That protection comes in the form of a "special motion to dismiss . . . for any suit that appears to stifle the defendant's exercise of those rights." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (quotation omitted).

Reviewing a ruling on a TCPA motion to dismiss involves three steps. As a threshold matter, the movant must demonstrate that the TCPA applies. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). To meet this burden, the movant must show by a preponderance of the evidence that the legal action is based on or is in response to the movant's exercise of one or more of the rights to associate, speak freely, and petition. *Id.* If the movant meets its initial burden, the burden then shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to establish as a matter of law any valid affirmative defense. *Id.* § 27.005(d). Whether the parties have met these respective burdens is a question of law that we review de novo. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 373 (Tex. 2019).

Regarding the first step, appellants based their motion on the right of free speech and the right to petition. As defined in the TCPA, "exercise of the right of free speech" means "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). A "matter of public concern" means:  a statement or activity regarding a public official, public figure, or public person; a matter of political, social, or other interest to the community; or

4

"a subject of concern to the public." *Id.* § 27.001(7). "Exercise of the right to petition" includes "a communication in or pertaining to . . . a judicial proceeding." *Id.* § 27.001(4)(A)(i). "Communication" is statutorily defined and includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1); *see also Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018) (statutory definition of "communication" covers "[a]lmost every imaginable form of communication, in any medium").

## B. Does the act apply to Flash Tank's claims?

In the trial court, appellants argued primarily that Flash Tank's entire legal action was a retaliatory suit based on their exercise of the right of petition—i.e., the successful eviction proceeding. Appellants also contended that their communications to Flash Tank's clients constituted an exercise of the right of free speech.

We agree with appellants that Flash Tank's promissory estoppel claim is based on or in response to Griffith's eviction proceeding. Flash Tank's pleading alleged that Griffith promised Flash Tank could operate without a lease but breached that promise by evicting Flash Tank from the property. Griffith's eviction petition is a "communication in or pertaining to . . . a judicial proceeding." Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i). Thus, Flash Tank's pleading establishes that its promissory estoppel claim is based on or in response to appellants' exercise of the right of petition and therefore is subject to the TCPA's requirements.[2] *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) ("When it is

---

[2] For purposes of this appeal, we adopt the parties' practice of referring to Griffith and GTE in the collective.

5

clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more.").

We disagree, however, with appellants' contention that Flash Tank's tortious interference claim was based on or in response to the eviction proceeding.[3] Flash Tank's petition alleged that appellants telephoned Flash Tank's existing clients to solicit or inform those clients that Intra-Services was replacing Flash Tank's operations on the leased premises. Although Flash Tank alleged that it learned of these communications "[d]uring the eviction," the communications were not alleged to have been made as part of the judicial eviction proceeding and thus do not themselves constitute an exercise of the right of petition. The nexus between the alleged client communications and the eviction proceeding is insufficient to conclude that the tortious interference claim is based on or in response to Griffith's exercise of his right to petition.[4] The trial court did not err in denying the motion as to Flash Tank's tortious interference claim.

Finally, we note that the TCPA does not apply to Flash Tank's fraud claim, and the trial court did not err in denying the motion as to that claim. *See* Tex. Civ. Prac. & Rem. Code § 27.010(a)(12) ("This chapter does not apply to . . . a legal action based on a common law fraud claim.").

---

[3] In their motion, appellants referred to a prior version of the TCPA: "Because it was filed in response to the Griffith Defendants' eviction and forcible detainer action, even Flash Tank's tortious interference claims *relate to* the Griffith Defendants' right to petition." (Emphasis added.) The legislature amended the TCPA in 2019, omitting the phrase "relates to" from the act. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 2-3, 2019 Tex. Sess. Law Serv. 684, 685 (noting removal of "relates to" in sections 27.003(a) and 27.005(b) in the 2019 amendments). We thus consider the narrower question of whether Flash Tank's tortious interference claim was *based on* or *in response to* a TCPA-protected right. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b).

[4] Although appellants also argued below that the communications underlying Flash Tank's tortious interference claim constituted an exercise of the right of free speech, they do not advance that argument on appeal. Accordingly, we cabin our analysis to appellants' right-to-petition argument.

In conclusion, we hold that appellants established that the TCPA applies only to Flash Tank's promissory estoppel claim. The burden then shifted to Flash Tank to show that a statutory exemption applied or to establish a prima facie case for each essential element of that claim. In the trial court, Flash Tank argued that the commercial speech exemption applied and, alternatively, that Flash Tank's evidence established a prima facie case for its promissory estoppel claim.

## C.  Did Flash Tank establish a prima facie case?

Because it is dispositive, we address only whether Flash Tank met its burden to establish by clear and specific evidence a prima facie case for each essential element of its promissory estoppel claim. Tex. Civ. Prac. & Rem. Code § 27.005(c). In *Lipsky*, the Supreme Court of Texas held that presenting "clear and specific evidence" of "each essential element" of a claim means that "a plaintiff must provide enough detail to show the factual basis for its claim." *Lipsky*, 460 S.W.3d at 591. A "prima facie case" means evidence that is legally sufficient to establish a claim as factually true if it is not countered. *Id.* at 590. In other words, "prima facie" generally refers to the amount of evidence that is sufficient as a matter of law "to support a rational inference that an allegation of fact is true." *Id.*; *see also Schimmel v. McGregor*, 438 S.W.3d 847, 855 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

Under Texas law, the elements of promissory estoppel are: (1) a promise; (2) foreseeability by the promisor of reliance on the promise; and (3) substantial reliance by the promisee to his detriment. *See Collins v. Walker*, 341 S.W.3d 570, 573-74 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 166 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). To show detrimental reliance, a plaintiff must show that she materially

7

changed her position in reliance on the promise. *See English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

We begin by addressing a threshold procedural issue concerning Flash Tank's evidence. Flash Tank relied upon Medina's declaration to substantiate its claim, but the copy of the declaration attached to its TCPA response was unsigned. The day after the hearing, Flash Tank filed an affidavit signed by Medina. In a letter to the judge that attached a file-stamped copy of the affidavit, Flash Tank's counsel represented:

> Plaintiff timely filed its Response to Defendant's TCPA Motion to Dismiss coupled with an unsworn declaration on April 19, 2021. On the day of the hearing and for the first time, the Defendants alerted the Court (and ostensibly, Plaintiff) that the unsworn declaration was unsigned.
>
> Cleary, the timely filing of the unsworn declaration, but without a signature was an administrative error. As such, Respondent/Plaintiff *sought leave of Court* to file the corrected document on or before noon the day following the hearing. Plaintiff complied.

(Emphasis added; internal footnote omitted.)

Flash Tank asserted in its letter to the court that it sought leave during the hearing to file a signed copy of the affidavit before noon the next day, and that Flash Tank complied. The clerk's record before us contains a copy of the signed affidavit filed the day after the hearing. Although appellants filed an objection to the trial court's consideration of the signed affidavit because it was untimely, they did not dispute that the judge had granted Flash Tank leave to file the affidavit during the hearing, as represented in Flash Tank's letter.

On appeal, appellants contend that the trial court could not consider the "untimely" affidavit because "there is no Reporter's Record to substantiate [Flash Tank's] request [for leave]" and because "the Clerk's Record does not reveal an

order granting leave to late file." A party responding to a TCPA motion to dismiss "shall file the response, if any, not later than seven days before the date of the hearing on the motion to dismiss *unless otherwise provided by an agreement of the parties or an order of the court*." Tex. Civ. Prac. & Rem. Code § 27.003(e) (emphasis added). Thus, section 27.003(e) simply says the response shall be filed not later than seven days before the hearing date, unless otherwise provided by court order. *See id.* Appellants do not cite, nor have we found, any authority holding that leave of court to file late TCPA evidence must be granted in a written order, or that we presume untimely evidence appearing in the record was not considered by the trial court absent a written order granting leave. This court recently said that "[w]ithout a hearing record," as here, "we cannot assess whether the parties agreed to or the trial court allowed a late-filed response. We presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's order denying the motion to dismiss." *KIPP, Inc. v. Grant Me the Wisdom Found., Inc.*, No. 14-20-00727-CV, 2022 WL 1789815, at *6 (Tex. App.—Houston [14th Dist.] June 2, 2022, pet. filed) (holding that late-filed response to TCPA motion was presumably authorized). Accordingly, we presume that the omitted portions of the record support Flash Tank's unchallenged assertion that the trial court granted leave to file the signed affidavit. Further, based on section 27.003(e), we conclude that the trial court did not abuse its discretion in considering Medina's affidavit.

We next consider the content and sufficiency of Flash Tank's proof. In her affidavit, Medina asserted: that Griffith promised her that she could stay on the property forever and that she did not need another lease after the initial lease term expired; that Medina relied on Griffith's promises and "would not have placed [her] substantial business interests at risk without the assurances and

9

representations of Mr. Griffith"; and that Medina lost her business when Griffith evicted Flash Tank from the property.

The only element of promissory estoppel that appellants challenge on appeal is Flash Tank's detrimental reliance, and so we limit our discussion to that element. According to appellants, "Flash Tank has not set forth any facts showing its change in position based on any representation from Griffith." But Medina's affidavit makes clear that Flash Tank did materially change its position, from operating on the property with the protection of a lease to operating without such protection and by adding significant infrastructure improvements to the property. *Accord, e.g.*, *Moore v. Altra Energy Techs., Inc.*, 321 S.W.3d 727, 740 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (evidence was sufficient to show detrimental reliance when witnesses testified that plaintiff would not have agreed to deal with third party absent defendant's promise to provide funding). Flash Tank's evidence therefore is sufficient in this regard, and appellants have not shown that the trial court erred in denying the motion to dismiss.[5]

## Conclusion

We affirm the trial court's order.


/s/    Kevin Jewell
Justice



Panel consists of Justices Jewell, Zimmerer, and Hassan.

---

[5] Because we conclude that Flash Tank met its evidentiary burden under the TCPA, we need not consider its alternative argument that the commercial speech exemption applies. *See* Tex. R. App. P. 47.1.