**Opinion issued December 28, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00602-CV

———————————

**CRYSTAL HENDERSON, Appellant**

**V.**

**COMMISSION FOR LAWYER DISCIPLINE, Appellee**

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2019-55008

## MEMORANDUM OPINION

Appellant Crystal Danielle Henderson appeals the judgment of active suspension entered in favor of appellee the Commission for Lawyer Discipline. In two issues, Henderson contends that (1) the trial court erred in not allowing two of her witnesses to testify remotely via Zoom, and (2) her trial counsel provided

ineffective assistance of counsel during the underlying disciplinary proceeding. We affirm.

## Background

Henderson is an attorney licensed to practice in Texas. The Commission for Lawyer Discipline (the Commission), a standing committee of the State Bar of Texas, is an administrative agency of the Texas Judicial Department. *See* TEX. GOV'T CODE §§ 81.011(a), 81.076(b).

On August 9, 2019, the Commission filed its original disciplinary petition and request for disclosure alleging that Henderson committed professional misconduct by failing to properly account for, misappropriating, and/or stealing $25,800.00 in funds transferred to her by her client, Fritz Zephir. The Commission alleged that Henderson's acts and omissions constituted violations of Texas Disciplinary Rules of Professional Conduct (TDRPC) 1.14(a), (b), 1.15(d), and 8.04(a)(2), (3).

Henderson answered asserting general and specific denials and affirmative defenses. She later filed her responses to the Commission's request for disclosure, identifying the following witnesses: Fritz Zephir, Tanae Bolton, JD Euroway Distribution USA LLC, Timothy Baldwin, and Allen Morris. The Commission amended its petition alleging facts which it asserted constituted additional violations of TDRPC 1.01(b)(1), 1.03(a), 1.04(a), 1.14(c), 4.01(a), and 8.04(b).

The trial court held a bench trial in the disciplinary action. On February 21, 2020, the trial court entered a judgment of suspension finding that Henderson had committed professional misconduct in violation of TDRPC 1.04(c), 1.14(a)-(c), 8.04(a)(2), (3), and 8.04(b) and imposing a three-year active suspension from the practice of law.

On April 14, 2020, the trial court granted Henderson's amended motion for new trial, vacated its February 21, 2020 judgment of suspension, and set a new trial date of July 28, 2020. The trial court later entered an amended docket control order resetting the trial date to November 17, 2020.

On October 30, 2020, Henderson filed a motion in limine seeking, among other things, to exclude "any remote witness testimony . . . unless specifically permitted by an Order of this Court."

On July 21, 2022, the trial court conducted a hearing on Henderson's motion to allow two witnesses, Allen Morris and Lorissa Lubimiv, to appear at trial remotely via Zoom. As to Lubimiv, the Commission objected to allowing Lubimiv to testify because Henderson did not disclose that she intended to call Lubimiv until six days before trial. As to both Allen and Lubimiv, the Commission objected to allowing them to testify remotely on the grounds that Henderson sought in her motion in limine to exclude any remote witness testimony and the Commission had incurred considerable expense in arranging for its own witnesses to appear in person at trial.

3

After advising counsel that it no longer allowed witnesses to testify via Zoom, the trial court sustained the Commission's objections and denied Henderson's motion.

On July 24, 2022, Henderson filed a second motion for continuance of the trial setting due to the unavailability of witnesses to testify in person. She asserted that she "did not anticipate the Court not permitting remote testimony" because the Texas Supreme Court's 52nd Emergency Order Regarding the COVID-19 State of Disaster (Emergency Order) "specifically permits a court to make reasonable efforts to allow witnesses or parties to participate in hearings of any kind remotely."

The trial court held a jury trial on July 26 and 27, 2022. Prior to the start of testimony, Henderson sought a ruling on her second motion for continuance. The trial court denied the motion.

At the conclusion of trial, the jury returned its verdict finding that Henderson engaged in professional misconduct with respect to her client by:

(1) Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in her dealings with Fritz, in violation of TDRPC 8.04(a)(3);

(2) Failing to keep Fritz reasonably informed about the status of the matter in which she was representing him and failing to promptly comply with his reasonable requests for information, in violation of TDRPC 1.03(a);

(3) Failing to hold funds belonging in whole or in part to Fritz, his company, or other third person(s), in connection with the representation, in a "trust" or "escrow" account, and failing to promptly deliver to Fritz, his company, or other third person(s) funds or other

4

property, which such person(s) were entitled to receive, in violation of TDRPC 1.14(a);

(4) Failing to disburse the funds referenced in (3) above only to those persons entitled to receive them by virtue of the representation, in violation of TDRPC 1.14(b);

(5) Upon termination of the representation, failing to take steps to the extent reasonably practicable to protect Fritz's or his company's interests, such as refunding any advance payments of fees that had not been earned, in violation of TDRPC 1.15(d);

(6) In representing Fritz, neglecting a legal matter entrusted to her, in violation of TDRPC 1.01(b)(1); and

(7) In the course of representing Fritz, committing a serious crime or committing another criminal act that reflected adversely on her honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of TDRPC 8.04(a)(2).

After holding a separate bench hearing to determine appropriate sanctions, the trial court imposed a five-year active suspension and ordered that Henderson pay restitution to Zephir in the amount of $25,800.00 as a condition of reinstatement and $14,700.00 in attorney's fees and costs to the State Bar of Texas. The trial court signed its judgment of active suspension on August 1, 2022.

Henderson filed an amended motion for new trial which was overruled by operation of law. This appeal followed.

**Briefing Waiver**

As a preliminary matter, we note that Henderson's brief does not comply with our appellate rules for briefing in several respects. *See* TEX. R. APP. P. 38. These

rules require an appellant, among other things, to cite and apply law that is applicable to the complaint being made along with appropriate record references. TEX. R. APP. P. 38.1(i). We are not responsible for searching the record for facts that may be favorable to a party's position, *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994), or doing the legal research that might support a party's contentions, *see Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).

Although Henderson's brief includes a recitation of the facts she believes are relevant on appeal, it includes no record references and cites only generally to the Emergency Order and to *Strickland v. Washington*, 466 U.S. 668 (1984), with no explanation of how those authorities support her arguments. *See Borisov v. Keels*, No. 01-15-00522-CV, 2016 WL 3022603, at *2 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem. op.) (concluding appellant waived issues on appeal where brief did not include citations to either clerk's record or any legal authorities); *Collins v. Walker*, 341 S.W.3d 570, 575 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("Failure to cite legal authority results in waiver of the complaint."); *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.) (stating failure to cite legal authority or to provide substantive analysis

of legal issues presented results in waiver of complaint).[1] Henderson asserts in conclusory fashion that the trial was held "under the aegis of the 52nd Emergency Order Regarding the COVID-19 State of Disaster which gave the Trial Court greater latitude in allowing remote ZOOM Testimony" and that "counsel's failure to comply with the simple request to disclose a witness['s] identity and testimony for 3 Years, clearly violated the requirements as set forth in *Strickland v. Washington*, 466 U.S. 688 (1984)," but she provides no substantive legal analysis to support her assertions. For an appellate court to be able to address an issue, the appealing party must argue the issue's substance with legal and record support. *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020).

However, even absent waiver, Henderson's arguments are unavailing for the reasons discussed below.

**Witness Testimony**

In her first issue, Henderson contends that the trial court erred by not allowing two of her witnesses, Morris and Lubimiv, to testify remotely via Zoom pursuant to the Emergency Order. She argues that the trial court's ruling resulted in her

---

[1] Henderson's brief further fails to comply with Rule of Appellate Procedure 38.1 because it does not include a statement of the case or an appendix containing a copy of the trial court's judgment from which relief is sought. *See* TEX. R. APP. P. 38.1(d), (k).

witnesses not being available to testify at trial which denied her a fair trial in violation of the Sixth Amendment.

The Emergency Order upon which Henderson relies provides, in relevant part, as follows:

> Subject to constitutional limitations and review for abuse of discretion, all courts in Texas may in any case, civil or criminal, without a participant's consent:
>
> a. except as this Order provides otherwise, allow or require anyone involved in any hearing, deposition, or other proceeding of any kind—including but not limited to a party, attorney, witness, court reporter, grand juror, or petit juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means[.]

While the Emergency Order grants trial courts the discretion to allow a witness to participate remotely, it says nothing about a trial court's discretion to deny a request to allow a witness to testify remotely. The Emergency Order does not support Henderson's argument that the trial court abused its discretion by denying her request to allow Morris and Lubimiv to testify remotely via Zoom.

Henderson's argument that the trial court's ruling denying her request to allow the witnesses to testify remotely deprived her of a fair trial in violation of the Sixth Amendment is equally unavailing.[2] The Sixth Amendment applies to criminal

---

[2]     The Sixth Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall

8

prosecutions, *see* U.S. CONST., amend. VI, and disciplinary proceedings are civil in nature. *See State Bar of Tex. v. Evans*, 774 S.W.2d 656, 657 n.1 (Tex. 1989) ("Clear Texas authority is that disciplinary proceedings are civil in nature.") (citations omitted); *Crampton v. Comm'n for Law. Discipline*, No. 01-20-00249-CV, 2022 WL 961557, at *12 (Tex. App.—Houston [1st Dist.] Mar. 31, 2022, no pet.) (mem. op.). ("Texas courts have repeatedly held . . . that attorney discipline proceedings in Texas are civil in nature.").

We overrule Henderson's first issue.

## Ineffective Assistance of Counsel Claim

In her second issue, Henderson contends that she was denied effective assistance of counsel in the underlying disciplinary proceeding when her trial counsel failed to identify Lubimiv as a witness in response to the Commission's requests for disclosure. Henderson asserts that Lubimiv's testimony was crucial to her case and the jury was deprived of this evidence due to her trial counsel's failure to identify Lubimiv in discovery.

---

have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI.

As previously noted, disciplinary proceedings are civil in nature. *See Evans*, 774 S.W.2d at 657 n.1; *Crampton*, 2022 WL 961557, at *12. It is well established that the doctrine of ineffective assistance of counsel does not extend to most civil cases. *Harris v. Nationstar Mortg.*, No. 01-20-00038-CV, 2021 WL 1031538, at *2 (Tex. App.—Houston [1st Dist.] Mar. 18, 2021, no pet.) (mem. op.) (citing *Blair v. McClinton*, No. 01-11-00701-CV, 2013 WL 3354649, at *3 (Tex. App.—Houston [1st Dist.] July 2, 2013, pet. denied) (mem. op.)). The right has been extended to certain civil proceedings, such as parental termination cases, *see In re M.S.*, 115 S.W.3d 534, 544–45 (Tex. 2003), and involuntary civil commitment proceedings, *see In re Protection of H.W.*, 85 S.W.3d 348, 355–56 (Tex. App.—Tyler 2002, no pet.). However, Henderson has not cited, nor have we found, any cases indicating that a party has the constitutional right to effective assistance of counsel in disciplinary proceedings. Further, we note that courts in other jurisdictions have concluded that respondents in disciplinary proceedings have no right to counsel and, therefore, no right to effective assistance of counsel. *See, e,g.*, *Matter of Gannett*, 182 N.E.3d 956, 960 (Mass. 2022) (noting that Massachusetts Supreme Judicial Court had not recognized either right to counsel or ineffective assistance of counsel claim in State Bar discipline proceedings); *Goeldner v. Miss. Bar*, 891 So.2d 130, 134 (Miss. 2004) (concluding respondent had no right to effective assistance of counsel under Sixth Amendment); *Walker v. State Bar*, 783 P.2d 184, 189 (Cal.

10

1989) (en banc) (concluding petitioner's contention that he was impermissibly denied effective assistance of counsel in disciplinary action was without merit because there is no constitutional right, under either United States or State Constitution, to assistance of counsel in State Bar proceedings); *In re Slattery*, 767 A.2d 203, 212 n.10 (D.C. 2001) (noting court could find no case in which effective assistance of counsel was held to be due process requirement in bar disciplinary proceedings such that counsel's deficient performance, if sufficiently prejudicial, could require new proceeding).

Further, even if such a right existed, Henderson has failed to satisfy the standard set forth in *Strickland*. To establish an ineffective assistance claim, Henderson must show, by a preponderance of the evidence, that (1) her counsel's performance was deficient and (2) there is a reasonable probability that the result of the proceeding would have been different but for her counsel's deficient performance. *See Strickland*, 466 U.S. at 687; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004). An appellant's failure to satisfy either prong defeats an ineffective assistance claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

Here, the record reflects that Henderson was represented by at least four attorneys at different times during the underlying disciplinary proceedings. Henderson does not identify which of her trial counsel she alleges knew of

Lubimiv's existence and therefore may have had a duty to disclose her as a potential witness. Henderson also does not point to anything in the record that either shows she informed her trial counsel that Lubimiv should be designated as a witness with information relevant to the underlying disciplinary proceeding, or supports her contention that Lubimiv's testimony was crucial because it would have rebutted Zephir's testimony and supported Henderson's testimony. Having failed to show that her trial counsel's performance was deficient, she has not satisfied the first prong from *Strickland*. *See* 466 U.S. at 687; *Ex parte White*, 160 S.W.3d at 51. Moreover, even if she had, she does not address Strickland's second prong, i.e., but for her trial counsel's alleged deficient performance, the outcome of the trial would have been different. *See Williams*, 301 S.W.3d at 687 (stating appellant's failure to satisfy either prong defeats ineffective assistance claim).

We overrule Henderson's second issue.

## Conclusion

We affirm the trial court's judgment.

Amparo Monique Guerra
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.